[No. 8,559.—In Bank.]
Sept. 15, 1882.

# CASE OF HYMES H. LOWENTHAL.

REMOVAL OF ATTORNEY—FORMER ADJUDICATION.—The order of this Court admitting an attorney to practice, is in the nature of a judgment that he possessed the requisite qualifications, when the order was made and entered. It follows that the judgment, while it continues in force, is an adjudication determinative of the fact that the defendant was of "good moral character," when he was admitted by this Court, and an attack upon his previous character can not be made the basis of an order for his removal.

ID.—POWER OF THE COURT TO REMOVE ATTORNEY. — Nevertheless, this Court will be justified, of its own motion, in setting aside the order admitting an attorney to practice, should it appear that the order was obtained by means of fraudulent artifices or concealment; and it seems (though held unnecessary to decide), that in ascertaining whether fraud has been practiced by an application for admission, the Court would hear evidence to show that the order of admission was secured by fraudulent concealment of facts affecting the moral character of the person admitted.

ID.—ID.—PRODUCTION OF LICENSE—DEFINITION.—The provision of Section 279 of the Code of Civil Procedure, that any person, "who has been admitted to practice law in the highest Court of a sister State," may be admitted to practice here "upon production of his license," etc., means not only that the applicant shall present a license, showing that he had at a certain time been admitted in another state, but requires that this Court shall be satisfied that he has continued to be a member of the bar of such State, in good standing, and entitled to ingress to all the Courts of record in that State up to the time of his application; and where this is not the case, and the fact is concealed, the order of the Court admitting the applicant will be set aside.

ID.—ACCUSATION—PLEADING—JURISDICTION OF FOREIGN COURT.—Proceeding to remove an attorney who had been admitted to practice here upon a license of the Supreme Court of New York. It appeared from an order of the Marine Court, attached to the accusation, that the defendant had been suspended from practice in that Court until further order.

*Held:* If the order of the Marine Court was a valid order, and operative when the defendant made his application, he was not entitled to admission to practice and his license should be revoked. By alleging in the accusation the effect of the order of suspension, the accusers have sufficiently averred—as against a general demurrer or objection—that the Marine Court had power to make the order; an averment which must be taken as true in determining the validity of the objection to the accusation. Finally, as the case is presented, the power of the Marine Court is to be determined by the law of New York; which is a *fact* which can only be ascertained when issues of fact are joined.

ACCUSATION against Attorney.

No briefs on file.

McKINSTRY, J.:

The defendant objects to the written "application" that it does not state facts sufficient to constitute a cause for his removal or suspension.

Section 287 of the Code of Civil Procedure provides that an attorney and counselor may be removed for certain causes "arising after his admission to practice."

With the exception of the alleged fraud of defendant, by which he obtained a license from this Court, the charges against defendant are based upon transactions occurring while he was a member of the bar of New York.

We do not deem it necessary to inquire whether under our Constitution the Legislature can limit the power of the Court, with respect to the admission, removal, or suspension of attorneys. Assuming, for the present, that the authority to admit to the practice of the law has been *conferred* on this Court by the Legislature, Section 279 of the Code of Civil Procedure authorizes the Court to admit to practice one who has been admitted in the highest Court of another State, upon production of his license, "and satisfactory evidence of good moral character."

The order of this Court admitting the defendant to practice is in the nature of a judgment that he possessed the requisite qualifications when the order was made and entered. (*Ex parte Garland*, 4 Wall. 378.) It follows that the judgment, while it continues in force, is an adjudication determinative of the fact that defendant was of "good moral character" when he was admitted by this Court, and an attack upon his previous character can not be made the basis of an order for his "removal."

Nevertheless this Court will be justified, of its own motion, in setting aside the order admitting the defendant to practice, should it appear that the order was obtained by means of fraudulent artifices or concealment.

It is not necessary to decide that this Court, in ascertaining whether fraud had been practiced by an applicant for admis-

sion, would receive evidence derogatory from his *general* good character. It may be assumed that the order of admission would preclude such inquiry, even in a proceeding to annul the order. Inasmuch, however, as applications for admission are made *ex parte,* we do not wish to be understood as announcing that we would not entertain an application to set aside an order of admission based upon a charge that the applicant had fraudulently concealed from us his conviction of gross misconduct by a Court of another State, even although such conviction had not been followed by his removal or suspension, but had been simply punished by fine or imprisonment, as a contempt. In such case the applicant would have obtained his admission by means of fraudulent concealment. The fraud and admission would, in effect, have been contemporaneous, and it would be extremely technical, to say the least, to hold that he was not subject to discipline until the order admitting him had been formally entered and he had taken the oath of office. And as the fact concealed, if any, would be a matter of record, which could be met only by other record evidence, no danger would be incurred by this Court being called on to try a doubtful question of fact, arising out of a charge, the offspring, perhaps, of envy or malice.

But we do not find it necessary to base our conclusion upon the ground that we may set aside an order of admission secured by fraudulent concealment of facts affecting the moral character of the person admitted.

Section 279 of the Code of Civil Procedure provides that any person "who has been admitted to practice law in the highest Court of a sister State," may be admitted to practice here "upon production of his license," etc. If upon the production of such license, it should be made to appear that the license had been revoked and the applicant disbarred, the fact would be evidence, not only that the applicant was not of good moral character, but also evidence that the *judgment* admitting him had been reversed and annulled. The section of the Code means, not only that the applicant shall present a "license" showing that he had at a certain time been admitted in another State, but requires that this Court shall be satisfied that he has continued to be a member of the bar of such State, in good standing, up to the time of his application.

Such has been the construction given the section; and where an applicant concealed the fact that he had been disbarred in the State from whence he came, the order of this Court admitting him was set aside. (*In re Clarke*, No. 7,316, March 22, 1881.) Unless, therefore, the order of admission by which defendant acquired the right to practice in New York, was in full force and effect when he was admitted here, we will be justified by principle and precedent in setting aside the order of admission.

The license issued by the Supreme Court of New York, and presented to us when Mr. Hymes H. Lowenthal applied for admission, authorized him to practice in all the courts of record of that State.

There is attached to the complaint or petition before us an exhibit, in words and figures as follows:

"EXHIBIT A.

"IN THE MATTER OF  
HYMES H. LOWENTHAL,  
  AN ATTORNEY, ETC.

"Before SHEA, C. J.; ALKER and JOCHAMINSEN, JJ.

"Hymes H. Lowenthal, an attorney and counselor of this Court, and of the Supreme Court of the State of New York, having answered, in open Court, to specified charges of misconduct in his office as such attorney and counselor against him, mentioned in the order to show cause, and the said Lowenthal having been heard in person and by counsel, and the Court having considered the matter, now decide as fact: That said Lowenthal did misbehave himself in the matter so stated in said order to show cause, by being the person who did simulate the said pretended erasure, or by being privy thereto, and by supporting the said falsification by untrue statements made by him under oath in a judicial proceeding in this Court. It is now hereby ordered and adjudged, that the said Hymes H. Lowenthal be and he is hereby suspended from practice as an attorney and counselor in this Court, and every branch thereof, until the further order of this Court.

"At a general term held June 28, 1875.

(A copy.)                          "JOHN SAVAGE, Clerk."

[Seal of the Marine Court of the City of New York].

It is true that his suspension "until further order" by the Marine Court did not operate his suspension from practice in the Court of Appeals, nor would his suspension by any number of Courts in that State other than the Supreme Court. But it is equally true that his indefinite suspension by any Court of record suspended in part the force and effect of a license which authorized him to practice in all the Courts of record. By virtue of his admission by the Supreme Court, Mr. Lowenthal became an officer of the Marine Court, and while the order of the Marine Court remained he ceased to be such officer. It does not appear that he was disbarred or suspended by the Supreme Court of New York, but neither does it appear that the Supreme Court had occasion to observe his commendable or objectionable practices. If the order of the Marine Court was a valid order, and operative when defendant made his application to be admitted here, and the order had been called to our attention, we would have said: "The application must be denied. The order of the Marine Court not only shows the applicant to be unworthy, but it also proves that the applicant is not in possession of all the rights and privileges which were accorded him by the order of the Supreme Court of New York. We construe our Code as not only requiring that he shall once have been admitted by the Supreme Court, but that he must now be entitled to ingress to all the Courts of record of that State."

It is said that inasmuch as Mr. Lowenthal was admitted by the Supreme Court of New York, he could be disbarred or suspended by that Court alone. This is but saying, in different terms, that the Marine Court had no jurisdiction to make the order. No statute of New York has been proved or called to our attention, nor has a judicial decision in that State been cited, which declares or holds that the Marine Court had no power, when the order was made, to suspend an attorney or prohibit his further practice in that Court. His admission by the Supreme Court is one thing; the indefinite suspension of his right to practice in the Marine Court is another.

If the judgment of the Marine Court was irregular or improper, it would seem Mr. Lowenthal had his remedy—by mandamus (*People* v. *Turner*, 1 Cal. 190), or by certiorari

in the nature of a writ of error (*Ex parte Briggs*, 64 N. C. 202; *Matter of Randall*, 11 Allen, 473), or by appeal, or by some other appropriate proceeding.

However this may be, we can not say that the judgment of the Marine Court is *void*, or that its power was unjustly exercised. Nor can we say that the misconduct of the defendant might have been sufficiently punished as a *contempt*, by fine and imprisonment. If the power to suspend existed in the Marine Court, it was an independent power, to be employed in proper cases for its own protection; a power entirely distinct from, although of a like nature to, the power to punish for contempt.

That the right to admit to practice in all Courts of record does not *necessarily* preclude the right of suspension by any Court of record, is sufficiently apparent. By the two hundred and seventy-seventh section of our own Code of Civil Procedure, the power to admit to practice in all the Courts of this State is vested in the Supreme Court. Yet the power to "remove or suspend" is conferred upon the Superior Courts. (C. C. P., 287.)

The order of the Marine Court is before us, and in the absence of any proof of the law of New York, a strong presumption arises that the learned Judges of the Marine Court had jurisdiction to make the order which they in fact made. Besides, by alleging in their accusation, the *effect* of the order of suspension, the accusers here have sufficiently averred, as against a general demurrer or objection, that the Marine Court had power to make the order; an averment which must be taken as true in determining the validity of the objection to the accusation.

Again, it would seem that by the statutes of New York the Marine Court had jurisdiction to suspend one practicing at its bar. (1 Rev. Stats., N. Y., 401, § 25.)

Finally, as the case is presented, the power of the Marine Court is to be determined by the law of New York. But the law of New York is a *fact* which can only be ascertained when issues of fact are joined. No strict analogy can be drawn between the law of California and the law of New York, where it would seem the system and organization of

Courts are different.   But as we have seen, by our own Code, Courts may "suspend" which have no power to admit.

The defendant may by answer deny the power of the Marine Court to suspend, or he may allege that the suspension is no longer in force; but as the accusation stands, we hold that it alleges facts, which, if not denied, or if proved, will justify us in setting aside the order by which defendant was admitted.

Objections overruled, and defendant given twenty days to answer the accusation.

MORRISON, C. J., and THORNTON, MYRICK, ROSS, and McKEE, JJ., concurred.