## J. C. DEAN VS. E. W. STONE *et al.*

1. ʻATTORNEY AT LAW — *Disbarment — Complaint — Trial by Jury — Evidence—Change of Venue*—A complaint which alleges that an attorney, who had been disbarred in Indiana, practiced a fraud and deception upon the court by securing his admission to practice in the courts of Oklahoma upon a certificate issued by the Indiana court, prior to judgment disbarring him, states facts sufficient to disbar an attorney, under §5, ch. 6, p. 117, St. 1893.

2. In proceedings to revoke an order of a court, admitting an attorney to practice law, obtained by fraud and deceit, the defendant is not entitled to a trial by jury as a matter of right, and the statutes of Oklahoma do not contemplate that such proceedings shall be tried by jury.

3. A transcript of a judgment from a circuit court of Indiana, duly authenticated by the proper officers, is admissible in evidence, though it does not show that it was signed by the presiding judge. *Anderson vs. Ackerman.* 88 Ind., 481, and cases cited, followed.

4. A party in a civil suit, not triable by a jury, is not entitled to a change of venue from the county on account of local prejudice of

the citizens; it is only in cases where a jury trial may be had that the aid of such statute may be invoked.

*Error from District Court of Oklahoma County.*

Complaint by E. W. Stone and others against J. C. Dean for the cancellation of defendant's license to practice as an attorney at law. There was judgment for plaintiffs, and defendant appeals. Affirmed.

*Amos Green & Son,* for appellant.

*W. S. Field,* for appellees.

The opinion of the court was delivered by

BURFORD, J.: The appellant, Dean, is a practicing attorney, duly admitted to the bar in the district court of Oklahoma county. The appellees are a committee of the bar of said court, appointed by the court to prepare, file, and prosecute proceedings against appellant to secure the cancellation of the order of said court admitting him as an attorney at law, and to have him disbarred. A complaint was filed in the district court by appellees, consisting of a number of separate counts, to all of which the appellant demurred, for the reason that they did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and appellant excepted, and assigns this ruling of the court as error. The appellees, after their evidence was introduced, and before finding or judgment, elected to stand upon the first count of the complaint, and judgment was rendered thereon ; hence we need only consider the sufficiency of said count.

It is alleged, in substance, that the appellant, Dean, was admitted to the bar, and was a practicing attorney in the state of Indiana ; that at the October term, 1891, of the Howard circuit court of Howard county, Indiana, such proceedings were had and judgment rendered against the appellant as revoked his license to

practice law, and he was, by the judgment of said court, disbarred from practicing law in all the courts of said state; that immediately after the rendition of said judgment, and while same was in full force and effect and unappealed from, and before the appllant, Dean, had ever been reinstated or readmitted, he appeared in the district court of Oklahoma county, with a certificate of admission as an attorney at law from the circuit court of Grant county, Ind., which certificate bore date long prior to the date of said judgment of disbarment, and presented said certificate to the judge of said court for the purpose of deceiving said judge and court, and for the purpose of proving to said court that he was a man of good moral character, and sufficiently learned in the law to qualify him for admission as an attorney at law in the courts of Oklahoma; and that said court, relying upon said cancelled certificate as true, admitted said Dean as an attorney, and licensed him to practice in the courts of Oklahoma. And said complaint seeks to have the order admitting him as an attorney vacated and set aside, and his said certificate revoked. We think this complaint states a good cause of action. It comes squarely within the provisions of § 5, chapter 6, page 117, Stat. O. T. 1893, which makes it a cause for disbarment for an attorney to be guilty of deceit or collusion, or to consent thereto, with intent to deceive a court or judge. It is evident from the allegations of the complaint in this case that the whole purpose and object of the appellant was to deceive the court, and secure his admission to the bar upon the strength of a certificate which he knew had been revoked by a solemn judgment of a court of record; and, even if it did not come within one of the statutory causes for the suspension of an attorney, a fraud of this character could certainly be inquired into, and a proper remedy applied. Courts of general jurisdiction have the inherent power to purge themselves

from a fraud perpetrated upon the court by an officer of the court, or by one to secure for himself the privileges of an officer of the court.

The appellant filed a general denial to the complaint, and, before trial, filed his motion and affidavit for a change of venue from the county, alleging, as reasons therefor, that the plaintiffs have an undue influence over the citizens of Oklahoma county, and, second, that an odium attaches to the appellant's defense on account of local prejudice. The trial court overruled the motion for change of venue, and that is complained of as error. Counsel for appellant cite a number of Indiana decisions which announce the doctrine that when an affidavit for a change of venue is filed in a civil case, setting forth the grounds herein specified, it becomes imperative upon the court to order the change, and a failure to do so is fatal error. We have examined these decisions, and they are based upon the theory that the applicant is entitled to a jury trial, and that he has the right to trial by an impartial jury, who would not be influenced by local prejudice or the odium of his defense; but, where the cause is to be tried by the court, there is no reason for this rule, and, where the reason ceases, the rule fails. It was never intended that a change should be granted from the judge on account of the local prejudice of the citizens in a community, for these things do not affect or influence courts. It is only the inexperienced juror who will become impregnated with local influences, and perhaps inadvertently permit such causes to operate upon his judgment. This is not the character of a case in which the defendant is guaranteed a jury as a matter of right, and the statute, in this case, makes no provision for a jury trial. It was evidently intended by the law-makers that such proceedings should be tried by the court. It is contended that the chapter of our

statute in reference to attorneys was adopted from Indiana. While the two statutes have many provisions in common, yet there are not such similarities as to warrant us in holding that it is an adopted statute. Parts of it may have been taken from that state, but, if it was intended to have been adopted from the Indiana statute, it has been so disfigured in the process as to render it unrecognizable. The Indiana statute provides that proceedings for suspension or disbarment of an attorney may be tried by a jury. This is not contained in our statute, and it was not intended that it should be. The court committed no error in overruling the appellant's motion for change of venue, or his demand for a trial by jury.

The action of the trial court in permitting the appellees to introduce in evidence the certified copy of the judgment from the Howard county, Ind., circuit court is complained of and assigned as error. The only objection urged against the transcript is that the judgment did not purport to be signed by the judge before whom the judgment was rendered. No signature appears upon the judgment appearing in the transcript. We are cited to section 1330, revised Statutes of Indiana, 1881, which reads as follows: "It shall be the duty of the clerk of the circuit court to draw up each day's proceedings at full length, and the same shall be publicly read in open court, after which they shall be signed by the judge, and no process shall issue on any judgment or decree of the court until it shall have been read and signed." In the case of *Galbraith vs. Sidener*, 28 Indiana, 142, the supreme court of Indiana held that an execution issued on an unsigned judgment was void, but we are unable to find where the court of that state has ever held the judgment itself void for such defect. It would, in any event, be a mere irregularity, which might be corrected or remedied at any time. · The

judgment in the case at bar is used in this cause only as a matter of evidence, and, when the record of a judgment shows that the court had jurisdiction of the parties and the subject-matter, no mere irregularities or defects in the proceedings will destroy its character as evidence. In *Adams vs. Lee*, 82 Indiana, 587, this identical question was before the court. It was contended that the trial court had erred in admitting in evidence a transcript of a judgment, because it did not appear that the proceedings had been signed by the judge of the court in which the judgment was rendered. The court said : "Where a transcript of a judicial record of a court of general jurisdiction is properly certified by the authorized officers, the presumption is that the proceedings were regular, and that the judge discharged his duty by signing the record at the close of the day's proceedings." This is plainly so upon principle, and it is expressly declared to be the law in *Scott vs. Millard*, 10 Ind., 158. This case is again cited and approved in the later case of *Anderson vs. Ackerman*, 18 Ind., 481. We think these authorities properly enunciate the law, and that the trial court committed no error in admitting the transcript in evidence.

The last assignment of error calls in question the sufficiency of the evidence to sustain the finding and judgment of the court. On this question it does not seem to us that there is room for a doubt. The record introduced shows conclusively that the certificate presented by Dean to the district court of Oklahoma county had been cancelled by the judgment of the Howard county circuit court. That judgment prohibits him from practicing law in any of the courts of that state. He presented such cancelled certificate as an evidence of his character, standing, and qualifications as a practicing attorney. It served his purpose, and secured his admission to practice in the courts of

Oklahoma.    This was a fraud upon the court, and upon the bar, and the court did not go beyond its duties or exceed its powers when it ordered proceedings instituted to secure the revocation of said order. The evidence fully sustains and justifies the finding and judgment.    We find no error in the record.    The judgment of the district court is affirmed, with costs.

SCOTT, J., having been of council for appellees, did not take part in this decision.