Law Examiners v. Williams.

STATE BOARD OF LAW EXAMINERS *v.* WILLIAMS.

(*Nashville.*    December Term, 1905.)

**ATTORNEY AT LAW.** License of, to practice law, may be re-
voked when procured by fraud.

The procurement of a license to practice law in the courts of
this State by suppressing a previous disbarment of the appli-
cant in another State, is an imposition not only upon the board
of law examiners, but also upon this court granting the license,
showing the applicant to be unfit to be a member of the legal
profession, and is such a fraud as to justify the revocation
of the license.

Statute cited and construed:    Acts of 1903, ch. 247.

Cases cited and approved:    Lowenthal's Case, 61 Cal., 122; Peo-
ple v. Campbell, 26 Colo., 481; Dean v. Stone, 2 Okla., 13; In re
Brown, 9 Pa. Dist. R., 103.

This was a proceeding instituted in the supreme court
upon petition of the state board of law examiners, seek-
ing to revoke, for fraud in its procurement, the license
to practice law previously issued to Martin L. Williams.
The facts are stated in the opinion.    The prayer of the
petition was granted, and the license revoked.

S. A. CHAMPION, for State Board of Law Examiners.

MR. JUSTICE MCALISTER delivered the opinion of the
Court.

This petition was preferred by the state board of law examiners, asking a revocation of a license to practice law issued by this court to one Martin L. Williams, upon the ground that the preliminary certificate granted to him by the state board of law examiners had been procured by fraud. The petition is based on section 5 of the act of assembly creating the state board of law examiners, wherein it is provided: "Upon such certificate [from the board of law examiners] if the supreme court shall find that such person is of full age and good moral character, and otherwise qualified, it shall enter an order licensing and admitting him to practice as attorney and counselor in all of the courts of this State, and which license, if procured by fraud, may be revoked at any time within two years." Laws 1904, p. 576, c. 247.

This petition was filed in the year 1904, in which it is averred that in 1903 the defendant made application to the state board of law examiners for license to practice law in Tennessee under rule 6. It appears that prior to the application the defendant had been a citizen and practicing attorney of Arcadia, Florida.

It was further averred in said petition that the defendant had fully complied with rule 6, in that he had filed with the board the proper record, showing that he had been a member of the Florida bar for more than five years, and that the applicant had also filed testimonials of good moral character from many prominent persons of the State of Florida, all of said certificates purporting to be genuine. It is then alleged that upon the

strength of said records and testimonials a certificate was duly issued by said board of law examiners, and that upon such certificate a license to practice law was granted the petitioner by the supreme court of Tennessee.

The petition then charged that it was subsequently discovered that the applicant had been guilty of falsifying the records in a criminal cause at Arcadia wherein he was of counsel for defendant, and he had been guilty of other criminal offenses, all of which resulted in a proceeding by the prosecuting attorney in the State of Florida for his disbarment.

It is further charged that, although due and timely notice was given the defendant of the disbarment proceedings in the State of Florida, he made no defense thereto, and a decree was accordingly passed disbarring him from practicing law in that State.

The prayer of the petition, as already stated, is that said license so issued to the said Martin L. Williams, authorizing him to practice law, be revoked and declared void. The petition was filed in this court, leave having been granted, and it was directed that publication be made for the defendant as a nonresident, returnable to the 1st day of May, 1904. It was accordingly done. It appears that notice of these proceedings was received by the defendant, who afterwards made application for a continuance until the December term, 1904, declaring he would vindicate himself by setting aside the disbarment proceedings in the State of Florida, and also show

his innocence under that indictment. This case was accordingly continued until the December term, 1904, and at that term continued until the present term. No answer has been filed by the defendant to the petition herein.

However, the board of law examiners have taken considerable proof to sustain the charges contained in the petition. The specifications of the charges are:

(1) That in a criminal cause pending in the State of Florida, wherein the said Martin L. Williams was of counsel, he, the said Williams, had caused to be inserted in the record the words, "that the jury that tried said cause was not sworn according to law," whereas said language was not in the bill of exceptions signed by the judge; that, in order to induce the clerk to sign an alleged transcript of the record, said Williams had made a facsimile copy of the signature of the judge, thereby forging the name of the judge to what purported to be the transcript of the bill of exceptions, and, after procuring the signature of the clerk in this way, the same was forwarded to the supreme court of Florida, to which court the case had been appealed, as a true and correct transcript of the record.

(2) The other specifications charged that the defendant had been of counsel in the case of Ivy Midget and Charles Daniels on a charge of murder pending in said circuit court of Florida, and that said Williams in the progress of the trial induced one N. C. Herndon to commit perjury by swearing on the trial of the cause that

at the time of the difficulty, which resulted in the death of said Borges, he (Borges) had a knife in his hand, whereas said defendant knew this statement was false, and that the witness Herndon had previously testified to the contrary.

It was upon these charges that the defendant was disbarred by the judge of the Sixth judicial circuit of Florida, after due notice of the charges and specifications had been served upon the defendant, and no answer or defense interposed thereto. It is recited in the judgment of disbarment, which is made a part of the record herein, that the judge of said Sixth judicial circuit of Florida had personal knowledge that the defendant was guilty of the charges exhibited against him in the first specification. The judgment of disbarment recited as follows: "It is therefore ordered that said Martin L. Williams be, and is hereby, adjudged guilty of said charges and specifications; and it is further ordered and adjudged that said respondent, Martin L. Williams, be, and is hereby, disbarred from practicing law as an attorney and solicitor in the courts of the State of Florida."

The judgment of disbarment was pronounced against the defendant in October, 1903, and at the time he procured the certificate from the state board of law examiners of Tennessee, and when license was granted him on said certificate by this court, the said Williams was, and still is, under judgment of disbarment by the circuit court of Florida.

It is very evident that, if these matters had been brought to the attention of the state board of law examiners and to the knowledge of this court, neither a certificate would have been issued by the board nor a license granted by this court to the defendant to practice law. The facts touching his disbarment were fraudulently suppressed, and in our opinion this fact affords full justification for a revocation of said license. "Fraudulent procurement of admission to practice is good ground for disbarment; such conduct making the attorney unfit to be a member of the legal profession, and being an imposition on the court." 4 Cyc., p. 906, citing *Lowenthal's Case*, 61 Cal., 122; *People* v. *Campbell*, 26 Colo., 481, 58 Pac., 591 ,which was a case of a concealment of previous disbarment; *Dean* v. *Stone*, 2 Okl., 13, 35 Pac., 578; *In re Brown*, 9 Pa. Dist. R., 103.

Moreover, section 5 of the act creating the board of law examiners expressly provides that, if said license is procured by fraud, it may be revoked at any time within two years. Laws 1903, p. 576, c. 247.

It is therefore the judgment of this court that the defendant, Martin L. Williams, be disbarred and removed from his office of attorney and counselor at law, his license revoked, and his name stricken from the roll of attorneys.