No. 17,127.

DODGE *v.* THE STATE.

CONTEMPT.—*Direct.—What Constitutes.*—Disorderly conduct, insulting demeanor towards the court, and disobedience of its orders or directions in the presence of the court, constitute a direct contempt.

SAME.—*Direct.—What Constitutes.—Case Stated.*—Where the court had ruled that an interrogatory put to a juror on his *voir dire* was not pertinent, and directed, or requested, that the same be not again propounded, but the attorney wholly disregarded this injunction, and seemingly, in defiance of the court's ruling, proceeded to again put the same question to the juror, and to a remonstrance of the court replied: "If that language [referring to the language of the court] was used towards me on the street, I would know how to answer it, but here in court I can not," such conduct and language constituted a direct contempt of court.

SAME.—*Intention of Offending Party.*—In determining whether or not a contempt has been committed, it does not depend upon the intention of the offending party, but upon the act he has done.

SAME.—*Disclaimer of Intentional Disrespect.—When not an Excuse.*—A disclaimer of intentional disrespect or design to embarrass the administration of justice is no excuse for the person charged with the offense, when the contrary appears from a fair interpretation of the language used.

SAME.—*Answer of Provoke no Defense.*—An answer by the offending party that his conduct was provoked by the language of the court, can not constitute a legal defense.

From the Elkhart Circuit Court.

*J. D. Osborne* and *A. S. Zook,* for appellant.

*A. G. Smith,* Attorney-General, for State.

JORDAN, J.—The appellant prosecutes this appeal to reverse a judgment, declaring him guilty of contempt of court.

Dodge v. The State.

From a statement filed by the judge we gather the following material facts:   The appellant is an attorney at the bar of the lower court, and while a jury was being empaneled for the trial of a cause therein pending, in which the appellant was counsel for the defendant, he began to examine, in a disagreeable and contemptuous manner, a juror on his *voir dire*, and propounded to the juror this question:   "Have you formed or expressed an opinion as to the title of any of the goods in Jacob's store, seized upon an execution for any reason whatever?"   Thereupon the court said:   "Mr. Dodge, your question is absurd.   Of course he formed an opinion as to the title to the goods claimed by Putnam.   He was sworn to do that"—(referring to a cause in which the juror had sat the previous day).   To this the appellant answered in an angry and contemptuous manner, "that he objected to the court trying to belittle him before the jury, and that he would not suffer such a remark to pass without a vigorous protest."   To this the court said: "Mr. Dodge, I do not wish to belittle you, but you have no right to ask the juror if he has formed an opinion in regard to the title of the Putnam goods, and please do not repeat it."   The appellant then, as the statement avers, again "deliberately, defiantly, and contemptuously put the same question to the juror."   The court said: "Your question is absurd.   You know that it is absurd, and you know that I know it is absurd.   The juror need not answer the question."   To this the appellant replied, in an angry, defiant, and contemptuous manner:   "If that language was used towards me on the street I would know how to answer it; but here in court I can not." It is further averred in the statement that appellant proceeded with the trial of the cause in a sullen, contemptuous, and angry manner.   The appellant unsuccessfully assailed this statement with motions to quash and dis-

Dodge *v.* The State.

miss, and also by demurring thereto. After taking these steps he filed a counter-statement, presenting his view and understanding of the facts and circumstances involved in the matter, which we do not deem necessary to set forth in detail in this opinion. In this statement he disclaimed any intention of treating the court with anything but the utmost respect, but confesses, however, that he did say to the court in an angry mood and manner: "If that language was used towards me on the street I would know how to answer, but here in court I can not."

He further admits that he feels that he can not justify such a reply to the court; and also states "that he regrets that he was betrayed into making a retort that ought not to have been made in court, but that he felt that the statement made by the judge was injurious to the interest of his client."

The trial court, after fully considering the matters involved, found appellant guilty of a direct contempt, and assessed, as a punishment therefor, a fine of fifty dollars, and rendered judgment against him for the fine and cost.

The main, and, in fact, only question properly raised by the assignment of errors, is this: Was the alleged conduct a contempt of court? Giving the language and conduct of appellant, as the same appears in the statement, a reasonable and fair interpretation, we think that this question must be answered in the affirmative.

It is well settled by the decisions of this court that disorderly conduct, insulting demeanor towards the court, and disobedience of its orders or directions, *in facie curiæ*, constitute a direct contempt. *Holman* v. *State*, 105 Ind. 513, and authorities there cited.

As a general proposition, it is held "that any willful act tending to obstruct, interrupt or embarrass the pro-

ceedings of a court, or to impede the due administration of justice, is a contempt of the court against which such willful act is directed.'' *Cheadle* v. *State*, 110 Ind. 301.

A direct contempt is an open insult in the presence of the court to the person of the presiding judge, or a resistance or defiance in his presence to its powers or authority, and is one that the court may and ought to, on its own motion, notice and punish accordingly. See *Ex parte Wright*, 65 Ind. 504, and authorities there cited.

In the case now under consideration, the court had ruled that the interrogatory put by appellant to the juror was not pertinent, and directed, or rather requested, that the same be not again propounded. But the appellant wholly disregarded this injunction and seemingly, in utter defiance of the court's ruling, proceeded to again put the same question to the juror, and followed this act with the contemptuous language in controversy. This certainly was an insult, in the court's presence, to the judge thereof, and tended to embarrass the proceedings then before it, and to impede the administration of its judicial duties, and rendered appellant guilty of a direct contempt.

Were such conduct and acts upon the part of attorneys permitted or tolerated by judges, the courts over which they preside would be justly covered with opprobrium and held in contempt. It is always to be regretted that a case should arise that renders it necessary for a court to inflict punishment for contempt against a member of its bar. Attorneys at the bar are properly termed the court's constituency to aid it in the due administration of justice. Each one is required to take an oath that he will honestly and faithfully discharge his duties as such attorney, and one of the cardinal duties enjoined upon

Dodge *v.* The State.

him by law is to maintain the respect that is due to the courts of justice and judicial officers.  R. S. 1881, sections 965 and 967, R. S. 1894, sections 977 and 979.

In the determination of the question as to whether a contempt has been committed, it does not depend upon the intention of the offending party, but upon the act he has done.  A disclaimer of intentional disrespect or design to embarrass the administration of justice, is no excuse for the person charged with the offense, when the contrary appears from a fair interpretation of the language used.  *People* v. *Wilson*, 64 Ill. 195.

The contention of appellant that the language of the judge was provoking, and also detrimental to the interest of his client, and hence he ought to be excused for his conduct, can have no weight or consideration from a legal standpoint.  The wrong of the judge, if any, can not justify the misconduct of counsel.  *Holman* v. *State, supra.*

It is the imperative duty of an attorney to respectfully yield to the rulings and decisions of the court, whether right or wrong, reserving the rights of his client by proper and necessary exceptions thereto.  A remedy for the correction of the court's errors, if any, is fully provided by law.

There is no error in the record, and the judgment is affirmed with cost.

Filed Feb. 8, 1895.