(91 N. W. Rep. 692.)

---

## *In re* Olmstead.

---

**Attorneys—Admisson to Bar—Revocation.**

> An order of this court was made and entered on March 26, 1902, admitting the respondent, George C. Olmstead, to practice law at the bar of this state. This proceeding was instituted to vacate said order of admission. *Held,* Upon the grounds and for the reasons stated in the opinion, that said order of admission should be revoked, and the same is revoked and set aside.

In the matter of the admission of George C. Olmstead to the bar. Order of admission revoked.

*J. H. Bosard,* for State Bar Association.

*George C. Olmstead, pro se.*

WALLIN, C. J. In this matter, J. H. Bosard, Esq., an attorney of this court, appears in behalf of the State Bar Association, and the respondent, Mr. George C. Olmstead, appears in his own behalf. The undisputed facts presented by the record, briefly stated, are as follows: The respondent, George C. Olmstead, was regularly admitted and licensed to practice law in the state of Iowa by the supreme court of that state at a term of court held in May, 1894, but was later, on certain accusations and charges, disbarred by the district court of Hamilton county, Iowa, at a term of court held in said county in the month of April, 1899. The judgment of disbarment, among other things, embraces the following recital: "That the first, second, third, fourth, fifth, sixth, and eleventh of said charges are shown to be true, and that the defendant is guilty thereof, by the proofs offered by the plaintiff, and that all fifteen of said charges made by said committee this court finds to be true, by reason of the default of the defendant in not making any answer and

defense thereto after having been duly and legally served with a copy of the same." Pursuant to the foregoing findings, said district court of the state of Iowa entered its judgment revoking and cancelling the respondent's certificate and license as an attorney, and disbarring him from the practice of law in the state of Iowa. Later, and on the 26th day of March, 1902, the respondent was admitted to the bar of this state by an order of this court made and entered in open court on said day. The respondent's application to this court for admission to the bar of this state was made under section 424 of the Revised Codes of 1899, and as a basis for such application the respondent presented to this court his license as an attorney of the state of Iowa, embracing a certificate of his admission to the bar of the state of Iowa; and this certificate was supported by an affidavit made by S. G. Cady, Esq., an attorney of this court, setting forth "that said Geo. C. Olmstead is at least twenty-one years of age, of good moral character, and a resident of the state of North Dakota; that he was admitted to practice law by the supreme court of the state of Iowa at the May term of said court, in the year A. D. 1894; and that he practiced the said profession in the said state of Iowa for more than one year immediately succeeding such admission to the bar by the supreme court of said state." It also appears to the satisfaction of this court, and the fact is not questioned, that said affidavit was made by Mr. Cady at the solicitation of the respondent, and was not made until after the respondent had shown to the affiant certain certificates of his good character, and made certain assurances which induced the affiant to believe that the respondent was then a man of good moral character, and was then and at that time a member of the bar of the state of Iowa; nor did the respondent at any time before his said admission to the bar of this state reveal to Mr. Cady, or make known to this court, the fact that he was not then a member of the bar of the state of Iowa, or that he had been, in a proceeding brought for that purpose, disbarred from practice by a competent court of the state of Iowa.

The foregoing facts are undisputed, and were brought upon the record pursuant to an order to show cause issued by a judge of this court, and served upon the respondent. Upon the return day the respondent did not appear in this court personally or by attorney, but in lieu thereof filed a brief in this court, which quotes said section 424 of the Revised Codes in full, which section reads: "Any person becoming a resident of this state after having been admitted to the bar in any of the state of the United States, in which he has previously resided, may at the discretion of the court be admitted to practice in this state without examination or proof of period of study as hereinbefore provided, on proof of the other qualifications by this article required and on satisfactory proof that he has practiced law regularly for not less than one year in the state from which he comes after having been admitted to the bar according to the laws of such state." The respondent says in his brief that said

section "does not require nor specifically state that the applicant for admission on certificate is, at the time he makes application, practicing in good standing at the bar from which he comes." It will be conceded that said section does not, in terms, declare that an applicant for adimssion to the bar on certificate shall be required to show that he is at the time of such application a member of the bar of the state in which he was admitted to practice, but such, clearly, is the plain meaning of the section. The applicant under that section bases his right to be admitted, not upon an examination touching his professional attainments, but solely upon the fact of his admission to the bar of a sister state. This implies that he has been examined, and that a court of competent authority has deemed him to be a proper person to be admitted to the bar as an attorney at law; and, under section 424, the court in this state, relying upon the original certificate of admission, does not subject the applicant to an examination touching his legal attainments. But another section of the Code (section 421) has a bearing in all cases and to all classes of applicants for admission to the bar of this state, including those who apply for admission on certificate. That section requires that the applicant must be "of good moral character," and in this court, by a rule of court (rule 40), the candidate who applies for admission on certificate is expressly required to furnish proof that the applicant is of "good moral character." This proof was furnished in this case by the usual affidavit made by an attorney of this state. But it now appears that this affidavit of character was procured by the solicitation of the respondent, and that the same was made in reliance upon the representations of the respondent, which representations were to the practical effect that respondent at that time was a member of the bar of the state of Iowa, and when made the affiant had no knowledge or intimation that respondent was not such, or that he had been disbarred for professional misconduct which involved moral turpitude, or at all. Moreover, the proof submitted to this court as a basis for respondent's admission to the bar was in itself a gross and inexcusable act of deception practiced upon this court. The papers submitted with the application, on their fact and by their terms, purported to show and were intended to show that the respondent was then a reputable member of the bar of the state of Iowa, whereas he was not such, but was then in the condition of having been disbarred from practice in that state. It therefore appears that at the time the order of this court was made, admitting the respondent to practice law in this state, the respondent was ineligible, and not entitled to apply for admission on certificate, under the laws of this state. His admission was obtained by a fraudulent suppression of facts which were pertinent to his application for admission, which facts would have been decisive against it if the same had been made kown to the court at any time before the order of admission was made. See *Lowenthal's Case*, 61 Cal. 122.

Upon the state of facts narrated, we deem it just and proper that the license of the respondent to practice law in this state should be revoked, and, to accomplish such purpose, an order will be entered vacating and setting aside the order of this court, dated March 26, 1902, admitting the respondent to the bar of this state as an attorney and counselor at law. All the judges concurring.