---

### In re MARX.

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

1. ATTORNEY AND CLIENT—DISBARMENT—GROUND.

　　Where an attorney was admitted to practice in this state on a showing that he had been admitted and had practiced law in Texas for a number of years, and he suppressed the fact that since practicing in Texas, he had been admitted to the bar in Virginia under a different name, and had

there been disbarred for misconduct, there was ground for his disbarment.

2. SAME.

In proceedings to disbar an attorney, on the ground that when he was admitted he suppressed the fact that he had been disbarred for misconduct in another state for manufacturing and delivering a decree of divorce to a client, it was no excuse for him to say that his client desired some paper that would satisfy her parents that she had been actually divorced, and that he told her when he delivered her the paper it was void and not a bona fide judgment of any court.

Motion to disbar Joseph Marx, an attorney. Motion granted.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

J. Frederick Eagle, for petitioner.

Edwin T. Taliaferro, for respondent.

PER CURIAM. It appears from the papers upon which this motion is made that the defendant, whose name was originally Joseph Marx, was admitted to practice as an attorney and counsellor at law in this state, on the 22d day of January, 1904, on a petition which stated that he had resided in the state of Texas for many years; that he had recently removed to the city of New York with the intention of taking up his domicile therein, and that he had made such city and state his home for the future; that he had been duly admitted to practice as an attorney in the district court of the state of Texas, and as such attorney and counselor at law had actually practiced in the said court for about 12 years. Annexed to this paper was a certificate of the judge of the district court of the state of Texas for the Fifth judicial district, which certified that Joseph Marx had been duly admitted to practice as an attorney and counselor at law in the said court, and "had actually and continuously practiced in said court for a period of more than three years next preceding November, 1903."

It also appeared from the statement of the said Marx that something over 20 years before he went to the state of Texas and engaged in the banking business; that in the year 1887 he failed in business; and that after such failure he practiced law in the state of Texas, although when he was admitted to practice does not appear. On the 22d day of March, 1898, it appears that he obtained an order from the district court of Bowie county, Tex., changing his name to Philip Joseph Morris. At some time, the exact date not appearing, he left Texas and went to Virginia, where he became a clerk in the employ of the Norfolk & Western Railroad Company at Norfolk, under the name of P. J. Morris, and subsequently, under that name, seems to have been admitted to the bar in Virginia, and commenced to practice law at Norfolk. While engaged in practice in that city, a woman named Julia Ann Anderson applied to Marx to obtain a divorce in Virginia. He accepted the retainer and received a fee of $50. He then prepared a bill of complaint for a divorce which Mrs. Anderson verified, but no action seems to have been commenced in the courts of that state. Subsequently Morris or Marx delivered to Mrs. Anderson what purported to be a decree of a court in Dakota, whether North or South Dakota

not being stated, granting her a divorce from her husband, which had upon it a seal, and which Mrs. Anderson testified, in a proceeding in Virginia, to which attention will be called, was given to her as a paper that freed her from her marriage. It appeared, and it was subsequently conceded by Morris or Marx, that this decree was spurious, no action ever having been brought or maintained in the courts of either Dakota, and that this instrument was manufactured entirely by Morris or Marx and delivered to his client. Subsequent to this time Mrs. Anderson again applied to Morris or Marx for a Virginia divorce, and finally Morris or Marx refused to have anything further to do with her. She thereupon commenced criminal proceedings against him in Virginia, and subsequently the Association of the Bar of Norfolk instituted proceedings in the court of law and chancery of the city of Norfolk to have him disbarred on the charge of malpractice and unprofessional conduct. Morris or Marx appeared in that proceeding, in which, after a trial by a jury, resulting in a verdict as follows, "We, the jury, find the defendant guilty as charged in the complaint and recommend him to the clemency of the court," it was ordered by the court that the license theretofore granted to the said P. J. Morris to practice law in that court be and the same was revoked. This seems to have been entered on July 16, 1902.

In the meantime, and on May 30, 1902, Morris or Marx presented a petition to a judge in the corporation court of the city of Norfolk, stating that several years before he had changed his name to Philip J. Morris in the district court of Bowie county, Tex.; that he had made up his mind that it would be better for his future welfare and standing to take back his own name, and therefore prayed the court to change his name to Joseph Marx. Upon that petition he presented to the court an order which stated that the court, deeming it proper that the prayer of the applicant should be granted, it was adjudged and decreed that the applicant's name should thereafter be Joseph Marx, instead of Philip J. Morris, and that the applicant's name was thereby so changed. Indorsed upon this paper was an entry in pencil in the handwriting of the judge, "enter this," with his initials annexed, and dated May 30, 1902. This paper was never entered; the original paper being in the possession of Morris or Marx and presented upon this application. Subsequent to the disbarment of Morris or Marx in Virginia he came to New York, where he made application and was admitted to practice in the courts of this state as before recited.

We think upon these facts that the respondent here was guilty of fraud and deceit in the proceedings by which he was admitted to practice as an attorney and counselor at law in the courts of record of this state. Not only was there an entire suppression of the fact that prior to this application he had been practicing in Virginia and had been there disbarred for a proceeding which was absolutely without excuse, but he asked to be admitted here as a lawyer practicing in the state of Texas, when in fact he had left Texas a number of years before the application, and in the meantime had practiced law in the state of Virginia. While he still remained a member of the bar of the state of Texas, he did not come to New York from that state. but from

Virginia; and, while his application to the courts here was based upon his having practiced for upwards of 12 years and for three years prior to November, 1903, in Texas, that statement was palpably untrue, as for a large portion of that time he had practiced law in the state of Virginia. His change of name just prior to leaving Virginia was evidently made for the purpose of disassociating himself from his practice in that state, so that his disbarment there could not be traced. His then coming to New York and making application for admission to practice under the name of Joseph Marx, the name under which he had practiced law in Texas, without in any way indicating that he had practiced law in Virginia under another name and been there disbarred, was a distinct fraud upon the court, and, if these facts had been disclosed, the court certainly would not have admitted him to practice.

The excuse which the respondent offers for delivering to his client in Virginia this manufactured decree of divorce is that his client desired some paper that would satisfy her parents that she had been actually divorced, and that he told her when he delivered her the paper that it was void and not a bona fide judgment of any court, is not at all an excuse. According to his own statement he delivered it to his client for the purpose of deceiving her parents, and thus his intention was that this manufactured decree should be used to deceive them, instead of the client herself. We think that a case has been made out which requires this court, under the authority conferred upon it by section 67 of the Code of Civil Procedure, to disbar the respondent.

The motion is therefore granted, and the respondent disbarred.