(May 25, 1908.)

## In re FRANK L. BRADLEY.

[96 Pac. 208.]

ATTORNEY AT LAW—DISBARMENT.

    1. A person who secures his admission to practice as an attorney and counselor in the courts of this state by fraud or misrepresentation will be disbarred when such facts come to the knowledge of this court.

    2. An applicant who makes a false affidavit, stating his admission to the highest court of another state, and, upon such affidavit,

procures his admission to practice in the courts of this state, will
be disbarred and his name stricken from the roll of attorneys of
this court, when it is shown to this court that such affidavit was
false and that the applicant had not been admitted to the highest
court of such state.

(Syllabus by the court.)

An original proceeding in this court for the disbarment of
Frank L. Bradley.

B. J. Briggs, for the Prosecution.

No appearance for the defendant.

STEWART, J.—On the 6th day of May, 1907, this court
made an order admitting Frank L. Bradley to practice as an
attorney in the various courts of this state. Bradley was ad-
mitted upon an affidavit made by him under the provisions
of sec. 3994 of the Rev. Stat. of this state, to the effect that
he had previously been admitted to practice in the various
courts of California by the supreme court of that state, and
was, at the date said affidavit was made, in good standing
as an attorney of said courts; that his admission had never
been set aside or revoked. The affidavit stated, further, the
time when he was admitted and that he was unable to produce
his license from said court, for the reason that the same had
been destroyed in a fire in St. Anthony, Idaho.

Later information came to this court to the effect that Mr.
Bradley had never been admitted to practice by the supreme
court of the state of California. It was also ascertained that
the affidavit made by him for his admission to this court had
disappeared and the clerk was unable to find the same. By
reason of these facts, Mr. Bradley being present, he was re-
quested to submit to an examination by the members of this
court with reference to his admission to practice in the various
courts of California by the supreme court of that state, and
the loss of such certificate, and the loss of the affidavit filed in
this court. He was interrogated by the members of this
court, and the questions and his answers thereto taken down

by the clerk of this court. In this examination he stated that he was admitted to practice in the various courts of California by the supreme court of that state in April, 1904. The only member of the court whom he could remember as being present on such occasion was Judge Angellotti. He was unable to remember the name of the clerk at such time, or the name of the chief justice who presided at the session of the court at which he was admitted.

He testified further that a Mr. Walker of Oakland, California, moved his admission to that court; that he lived in San Francisco from 1899 to the date of his admission in 1904; that he came to Idaho in 1904, and was admitted to the district court of the sixth judicial district, Judge J. M. Stevens presiding, upon motion based upon the certificate issued to him by the supreme court of the state of California. He was thereupon requested and required by this court to file an affidavit in lieu of the affidavit filed by him at the time that he was admitted to this court. He assented to such request and agreed at that time to file the affidavit during the day and before leaving the city. Afterward he left the city without substituting the affidavit required in order to perfect the record in this court. Further information reached this court that he had not been admitted to practice before the courts of the state of California.

Thereupon this court issued a citation to said Frank L. Bradley, requiring him to appear before this court on the 4th day of May, 1908, and show cause why his certificate of admission should not be canceled and his name stricken from the roll of attorneys of this court. This citation was served personally upon Mr. Bradley, and, on the day fixed for the hearing, he failed to appear, either in person or by attorney, and make any answer or objection to said citation.

B. J. Briggs, president of the Bingham County Bar Association and a member of the bar of this court, was appointed by this court to prosecute such proceedings.

Thereupon this court heard the proofs, which clearly established the fact that said Frank L. Bradley had never been admitted to practice before the courts of the state of Cali-

fornia; that the affidavit he made and filed in this court, upon which he was admitted, was false in this, to wit: (1) That it stated he had been admitted as an attorney by the supreme court of the state of California, when in truth and in fact he had never been admitted by such court; (2) That said affidavit had stated that he was admitted to practice before the district court of the sixth judicial district of this state upon motion based upon his certificate from the supreme court of the state of California, when in truth and in fact he was admitted to practice before said district court upon examination.

The evidence further established the fact that said Bradley had failed and refused to comply with the order of this court requiring him to file an affidavit in lieu of the affidavit filed by him at the time of his admission.

The evidence further established the fact that the admission of said Frank L. Bradley had been obtained by fraud and deceit and by misrepresenting the facts as to his qualification for admission.

Sec. 3997 of the Rev. Stat., in subdivision 4, in prescribing the duty and oath of an attorney, provides: "Never seek to mislead the judges by any artifice or false statement of fact or law." In providing for grounds upon which an attorney may be suspended or removed, the statute provides at sec. 4002, subdivision 2, as follows: "Wilful disobedience or violation of an order of the court requiring him to do or forbear an act connected with or in the course of his profession, and any violation of the oath taken by him or his duties as such attorney and counselor."

Thus, we see, under the facts in this case, that the defendant wilfully misled the members of this court by falsely stating and falsely representing to this court that he was a member of the bar of the supreme court of the state of California, and that he had been admitted to the district court of the sixth judicial district of this state upon that certificate, when in truth and in fact he had not been admitted to the supreme court of the state of California, and was not admitted to the district court upon such certificate, but upon examination.

The misrepresentations of said applicant to this court at the time of his admission was a fraud upon the court and unprofessional conduct, and clearly justifies his removal as such attorney when such facts appear to the court. The statutes of this state require an attorney to be a person of good moral character, and his oath of office requires him to maintain the respect due to the courts of justice and judicial officers, and never seek to mislead the judges by false statement of fact or law. A person applying for admission to practice as an attorney in the courts of this state, or who, after admission, views so lightly the obligations of the office of an attorney as to wilfully misrepresent the facts as to his own qualification or standing, or as to his experience in reading or time devoted to the study of the law, renders himself unfit to associate with the legal profession of this state, or be recognized as a member of the bar. Members of the bar are, as a rule, men of character, ability and standing, and by reason of such qualifications are entitled to the respect and esteem of the courts of the state and the people, and any person applying for admission who falls below this standard of qualification is unfit to be admitted to the bar or to practice in the courts of this state.

It clearly appears that Bradley had no regard whatever for the respect due the courts of this state, and felt no responsibility resting upon him by the oath which he took when admitted.

The judgment of the court is, that the certificate of admission of Frank L. Bradley, as an attorney to practice in the courts of this state be, and the same is, hereby canceled, and the name of said Frank L. Bradley is stricken from the roll of attorneys and counselors of this court, and he is hereby disbarred from practicing in any of the courts of this state.

Ailshie, C. J., and Sullivan, J., concur.