PROPPER *v.* OWENS *et al.*, relators.

ATKINSON, J. 1. Where a person applied for and obtained admission to the bar of this State as an attorney in good standing in another State, under the Civil Code (1895), § 4411, Civil Code (1910), § 4949, without disclosing the fact that shortly theretofore he had been disbarred, for professional misconduct and acts involving moral turpitude, by a court of competent jurisdiction in another State where he was located before going to that whence he came to Georgia, this was such a fraud and imposition upon the court of this State as authorized the disbarment of such attorney upon its discovery. On the general subject, see In re Pritchett, 122 App. Div. 8 (106 N. Y. Supp. 847); In re Marx, 115 App. Div. 448 (101 N. Y. Supp. 680); People *v.* Gilmore, 214 Ill. 569 (73 N. E. 737); In re Olmstead, 11 N. D. 306 (91 N. W. 943); Lowenthal's Case, 61 Cal. 122; State ex rel. Jones *v.* Laughlin, 10 Mo. 1; State Board of Law Examiners *v.* Williams, 116 Tenn. 51 (92 S. W. 521); In re Mills, 1 Mich. 392; Jackson *v.* State, 21 Tex. 149; In re Bowman, 7 Mo. App. 569; Ex Parte Tillinghast, 4 Peters, 108 (7 L. ed. 798); Weeks on Attorneys at Law, § 80, p. 153.

(a) Accordingly, on the trial of a disbarment proceeding against an attorney at law in this State, in the court which admitted him and in the county of his residence, before the judge who by consent passed upon the law and facts without the intervention of a jury, where the pleadings and evidence were of such character as to authorize a finding

that on the 21st day of February, 1906, the respondent, being then an attorney at law in the State of Illinois, by judgment of the Supreme Court of that State, having jurisdiction in such matters, based on charges involving professional misconduct and moral turpitude, was disbarred from pleading and practicing law in any of the courts of that State, and thereafter became a resident of Tennessee, and in January, 1907, after examination under the laws of Tennessee, obtained a license to plead and practice law in that State, without informing the court so admitting him of his previous disbarment in Illinois, and in July, 1907, became a resident of Georgia, and on the 5th day of October, 1907, upon his application representing that he was an attorney at law in good standing in the State of Tennessee, obtained admission to the bar in Georgia, under the provisions of the statute mentioned in the first headnote, without informing the court of the fact of his previous disbarment in the State of Illinois, the judge was authorized to enter a judgment disbarring the respondent and revoking his license as an attorney at law.

2. In such a proceeding, the respondent in his answer having set up that before the grant of the license to him in Tennessee he informed the officers of court admitting him of his previous disbarment in Illinois, it was not error to admit their testimony tending to disprove that part of the plea over the objections: (*a*) that it was irrelevant; and (*b*) that it sought to impeach the judgment of the court of Tennessee which admitted him to plead and practice in that State.

3. It is undisputed that the respondent participated in the trial which resulted in his disbarment in Illinois, and that the trial was had in the court having jurisdiction of such matters in that State, and that the judgment has never been set aside. The judgment so rendered was conclusive upon the respondent, and there was no error in rejecting evidence tending to disprove the charges upon which the judgment was based.

4. A complaint in the bill of exceptions that "the respondent offered to testify that the judgment of the Supreme Court of Illinois disbarring him was obtained by fraud, by a conspiracy upon the part of" certain named persons, and that the judge "rejected the testimony; . . to which said judgment of the court the respondent then and there excepted and now excepts and assigns error upon the same," is not a sufficient assignment of error.

  *Judgment affirmed. Beck, J., absent. The other Justices concur.*
      August 21, 1911.  Rehearing denied September 22, 1911.

  Disbarment of attorney. Before Judge Charlton. Chatham superior court. July 2, 1910.

  *A. A. Lawrence,* for plaintiff in error.

  *W. C. Hartridge, solicitor-general, T. M. Cunningham Jr., G. W. Owens,* and *J. M. Rogers,* contra.