## In Re T. A. McDonald.

(Decided January 23, 1914.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1.  Attorneys—Disbarment—Proceeding May Be Rule of Court.—A proceeding to disbar an attorney for dishonorable conduct may be by rule of court and need not be conducted in the name of the Commonwealth.
2.  Attorneys—Disbarment—Civil Proceeding.—Such a proceeding is not a criminal prosecution, but a civil proceeding and the defendant is not entitled to the benefit of a reasonable doubt.
3.  New Trial.—A new trial will not be granted for merely cumulative evidence discrediting a witness.

D. R. CASTLEMAN, MERIT O'NEAL, PRYOR & CASTLEMAN and O'NEAL & O'NEAL for appellant.

HUGH B. FLEECE, HARRY W. ROBINSON and A. SCOTT BULLITT, Opposing Counsel.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

On January 30, 1913, Harry W. Robinson, prosecuting attorney for the police court of the city of Louisville, appeared in the Jefferson Circuit Court, chancery branch, by the direction of the judge of the police court, and informed the court that there was pending in the police court a prosecution of the Commonwealth of Kentucky v. James O. Baker for bigamy in which Baker was making the defense that T. A. McDonald, an attorney at law, whom he had employed to institute for him in the Jefferson Circuit Court an action for divorce from his wife, Della Baker, had represented to him that a divorce had been granted by the court and had given

him what purported to be a copy of the judgment of the court granting the divorce, and that in reliance upon these statements of McDonald, he had married another woman, and had afterwards learned that no such judgment had been rendered by the court. In support of the information the affidavit of Baker together with the copy of the alleged judgment given him by McDonald, and McDonald's receipt for his fee in the case, were filed; the court awarded a rule against McDonald returnable February 6, 1913, to appear and answer the charges and to show cause, if any he could, why his license to practice law should not be revoked, and his name stricken from the roll of attorneys. The order of the court concludes with these words:

"And the court appoints A. Scott Bullitt, County Attorney for Jefferson County, and said Harry W. Robinson, both in said named being attorneys in this court, to represent the Commonwealth of Kentucky in further proceedings in this matter. Came said T. A. McDonald, in person, and entered his appearance to the above rule, and further filed his affidavit herein."

The affidavit filed by McDonald controverted all the statements in the affidavit of Baker or stated facts in avoidance and was taken as McDonald's response to the rule. On February 6, this order was entered:

"It appearing to the court that A. Scott Bullitt, one of the attorneys heretofore appointed to represent the Commonwealth herein, is absent from the city, it is now ordered that H. B. Fleece, an attorney of this bar, be, and he is appointed as attorney to represent the Commonwealth herein. This cause coming on to be heard in chief, and the court now being fully advised, it is ordered by the court that it be and it is submitted."

There being much conflict in the evidence the court afterwards impaneled a jury to try the question of fact submitting to them the question whether McDonald was guilty as charged. The jury answered in the affirmative. The court thereupon entered a judgment that his response to the rule was insufficient, made the rule absolute, and revoked his authority to practice law. From this judgment he appeals.

Section 123 of the Constitution provides:

"The style of process shall be, 'The Commonwealth of Kentucky.' All prosecutions shall be carried on in the name and by the authority of the 'Commonwealth

of Kentucky,' and conclude 'against the peace and dignity of the same."

After the judgment was entered the defendant moved the court to set it aside on the ground that it was void, because the prosecution was not carried on in the name of the Commonwealth of Kentucky. The court overruled the motion. While no caption was written above the order awarding the rule or above the subsequent orders, it is very clear from the record as a whole that the court treated the case as a proceeding in the name of the Commonwealth of Kentucky; for in the two orders above quoted, attorneys were appointed to represent the Commonwealth. The defendant himself so understood; for in his motion for new trial, he thus gave the style of the case:

Commonwealth of Kentucky, on Relation,
    etc. - - - - - - - - - - - - - - - *Plaintiff*
       v.         Motion and grounds for a new trial.
T. A. McDonald - - - - - - - - - - - *Defendant*

No objection was made in the circuit court for want of proper parties before the judgment had been rendered in the proceeding. While the style of all process shall be the Commonwealth of Kentucky, it is not necessary that a rule of court should be in the name of the Commonwealth. Attorneys are officers of the court and the court may issue rules against its officers under its inherent power to protect itself. While proceedings to disbar an attorney are usually conducted in the name of the Commonwealth, they may be conducted in the name of a client; (Wilson v. Popham, 91 Ky., 327) and they may be conducted by a rule awarded by the court. (In Re Bowman, 7 Mo. App., 569; In Re Crum, 7 N. D., 316; In Re Orton, 11 N. W., 584; In Re Eaton 74 N. W., 870.) The circuit court, therefore, properly held that the judgment was not void.

It is also insisted that the proceeding is criminal in its nature and that the defendant was entitled to have the jury told that in order to find against him they should believe that he had been proven guilty beyond a reasonable doubt and that the court erred in allowing them to find a verdict upon the preponderance of the evidence. In 4 Cyc., 912, the rule is thus stated:

"While proceedings to suspend or disbar attorneys are special and of summary character, resulting from the inherent power of the courts over their officers, at-

torneys cannot be deprived of their right to practice without notice and an opportunity to be heard, whether the court proceed under statute or in the exercise of its inherent power. As such proceedings are intended, not for punishment, but for the protection of the courts and the profession, they are generally held not to be of a criminal nature."

We reached the same conclusion in Commonwealth v. Richie, 114 Ky., 366. The purpose of the proceeding is not to punish the attorney but to protect the court and the administration of justice.

McDonald testified before the jury and admitted giving to Baker the copy of the judgment and the receipts for his fee in the divorce case; and admitted no suit had been brought for Baker. His explanation of these matters was so unsatisfactory, that although his testimony was confirmed by other witnesses, we can not say that the jury erred in coming to the conclusion which they reached or that the chancellor erred in approving their verdict and entering judgment upon it. The newly discovered evidence was cumulative and went simply to discredit Baker. The circuit court did not err in refusing to grant a new trial on this ground.

Judgment affirmed.