IN RE ADMISSION OF OLIN R. HOLT TO PRACTICE
LAW.

[No. 22,778.  Filed May 13, 1915.]

1. ATTORNEY AND CLIENT.—*Admission of Attorney to Practice.—*
*Rule of Supreme Court.*—By the recognized rule of procedure, be-
fore the name of an applicant for admission to practice in the
Supreme Court is placed on the roll, there must be a motion to
admit him by a member of the bar of that court, followed by sat-
isfactory proof of his age, residence and prior admission to some
circuit court of the State, and, when required, by proof also of
his good moral character, whereupon, if the proof be satisfactory,
the applicant is sworn by one of the judges.  p. 250.

2. ATTORNEY AND CLIENT.—*Admission of Attorney to Practice.—*
*Residence.—Revocation of Order of Admission.*—While the admis-
sion of an applicant by one circuit court authorizes him to prac-
tice law in the other circuits of the State, the original admission
must be in the circuit court of the county where the applicant
resides; hence an order of admission to practice in the Supreme
Court must be held for naught, where it is shown that the admis-
sion to the circuit court, on which such order was based, was pro-
cured by the applicant in a county other than that in which he
resided.  p. 250.

Original proceedings in the matter of the admission of
Olin R. Holt to practice law as a member of the bar of the
Supreme Court.  *Order vacated.*

*John J. Kelly,* for applicant.

MORRIS, J.—At the April, 1914, term of the Howard Cir-
cuit Court Olin R. Holt filed there his application for ad-
mission to practice law.  The judge referred the petition
to a committee of members of that bar, consisting of James
C. Blacklidge, Milton Bell and Barnabas C. Moon.  The
committee subsequently filed a report adverse to Holt's
right to admission.  A jury trial was demanded.  §997
Burns 1914, §962 R. S. 1881.  The court appointed a com-
mittee of three lawyers to resist the application.  The mat-
ter was set for hearing at the January term, 1915, but,
before the time set for trial, the application was withdrawn.

The applicant has been continuously, for the past two years, a *bona fide* resident of Howard County, and a legal voter there. In February, 1915, on motion of a member of the bar of the Hancock Circuit Court, he was admitted to practice law in that court, and his name was entered on its roll of attorneys. On March 5, 1915, on motion of a member of the bar of this court, he was admitted to practice here, and his name was entered on the roll of attorneys of this court. On March 23, 1915, said Blacklidge and Moon filed here their verified petition praying for a vacation of the order of admission, reciting therein the foregoing facts, and further averring, among other things, that Holt is a person who is not of good moral character. A day was set for hearing, and Holt appeared and filed an answer supported by numerous affidavits. Various other affidavits and counter-affidavits were subsequently filed by leave of court.

It is first contended by petitioners that the application for admission to practice law must be to the circuit court of the county of which the applicant is a *bona fide* resident, while counsel for Holt contends that the application may be made in any county of the State, and, if granted, the applicant thereby becomes entitled to practice his profession in all State courts. The Constitution of Indiana (1851) makes most liberal provision for admission to practice law. Section 21, Art. 7, reads as follows: "Every person of good moral character, being a voter, shall be entitled to admission to practice law in all courts of justice." The act of 1881 (Acts 1881 [s. s.] p. 240, §962 R. S. 1881, §997 Burns 1914) provides that "Every person of good moral character, being a voter, on application, shall be admitted to practice law in all the courts of justice; but a jury may be demanded upon the question of character by any citizen of the county. Moral character may be proved by any evidence satisfactory to the court or jury trying the question; and any person desiring admission to the bar may, upon motion, be examined touching his learning in the law, by

the judge or a committee of the bar whom the judge may select for that purpose. If he shall be found, by reason of his learning, qualified to practice the law, as well as otherwise qualified, he shall be admitted to the practice, which shall be entered of record. A roll of attorneys shall be kept in every court, and no name shall be placed thereon except such as are thus shown to be qualified to practice law by reason of their learning therein.''

In *Ex Parte Leach* (1893), 134 Ind. 665, 34 N. E. 641, 21 L. R. A. 701, it was held that women may be admitted to practice law in this State, though they can not vote. However, the female applicant for admission must have been a *bona fide* resident of the State for the length of time that would entitle a male applicant to become a legal voter.

This court keeps a roll of the attorneys admitted by it to practice. By the recognized rule of procedure, before an applicant's name is placed on the roll, a member

1. of the bar of this court must make a motion for the admission of the applicant, and this is followed by satisfactory proof of the applicant's age, residence and prior admission to practice by some circuit court of the State, and, if required, proof must be made of the applicant's good moral character at the time he applies for admission here. If satisfactory proof is made, the applicant is sworn by one of the judges to support the Federal and State Constitutions and to faithfully discharge his *quasi* official duties.

When the order was made here to place Mr. Holt's name on the attorney's roll, there was proof made of his admission by the circuit court, at Greenfield, the county

2. seat of Hancock County, and the judges at the time had no knowledge that he was a resident of Howard County, or that he ever had made an application there for admission to practice law. On the other hand they believed, because of statements made by the applicant, that he was a resident of Greenfield, and expected to practice law there.

Our Constitution and statute authorize the admission to practice law only of those possessed of good moral character, and the statute grants the right of trial of such question by jury. The admission to practice by one circuit court authorizes the applicant to practice his profession in the other circuits of the State. We are of the opinion that the original application must be made in the circuit court of the county where the applicant resides. To hold that a resident of Vanderburgh County may make his application in Steuben County—more than 250 miles distant—would make it practically impossible to successfully resist the application, however immoral and dishonest the applicant might be. No such situation was contemplated by the framers of the Constitution. We can not, under the facts here disclosed, recognize the order of admission by the Hancock Circuit Court as a basis for admission to practice in this court, and it is therefore unnecessary for us to consider the question of Mr. Holt's moral character. It is adjudged that the order heretofore made by this court, on March 5, 1915, admitting Olin R. Holt to practice law here, is hereby vacated and held for naught, and it is further ordered that his name be stricken from our roll of attorneys.

NOTE.—Reported in 108 N. E. 860. As to summary jurisdiction of courts over attorneys, see 2 Am. St. 847. See, also, under (1) 4 Cyc. 901, 900; (2) 4 Cyc. 900.