# IN RE McDONALD.

[No. 24,981. Filed December 18, 1928.]

*Thomas A. McDonald, pro se.*
*Walton M. Wheeler* and *John W. Spencer,* for appellees.

PER CURIAM.—This is an appeal from an order of the Vanderburgh Circuit Court vacating and setting aside an order by it made and entered on January 11, 1923, admitting appellant, Thomas A. McDonald, to practice law in all courts of justice in this state, and to have his name entered upon the roll of attorneys of that court.

The alleged erroneous rulings of the trial court are covered by the errors assigned on the sustaining of a demurrer to appellant's plea in abatement, and the overruling of appellant's demurrer to the verified information filed at the instance of the Evansville Bar Association by Walton M. Wheeler and John W. Spencer, regularly admitted and practicing attorneys at the bar of the Vanderburgh Circuit Court.

The information, in substance, brought to the attention of the court that certain named persons, members of the bar of the Vanderburgh Circuit Court, were by it appointed to investigate applications for admission to practice law, and to whom that court referred the application of appellant, Thomas A. McDonald. While considering such application, appellant, for the purpose of inducing the committee to act favorably, exhibited to the committee a license to practice law in the State of

Kentucky, issued to him on April 18, 1911; that the committee, relying upon the good faith and credit of the Kentucky license, together with the qualifications of the applicant shown, was induced to recommend him to the court for admission, which recommendation was accepted by the court, and, on January 11, 1923, appellant was sworn and the order entered admitting him; that in the State of Kentucky, in the year 1913, the Jefferson Circuit Court, Chancery Branch, First Division, in a proceeding for the disbarment of appellant revoked his authority to practice law, and from which judgment he appealed to the Court of Appeals of Kentucky where, on January 2, 1914, the judgment of the lower court was affirmed. *In re McDonald* (1914), 157 Ky. 92, 162 S. W. 566. That appellant withheld from the committee all information concerning his disbarment, and thereby deceived and practiced a fraud upon it; that prior to the filing of the information, appellant was called before a committee of the Evansville Bar Association, known as the Grievance Committee, and by it he was told that the committee on admissions felt that it had been misled and deceived into recommending him for admission to the bar by reason of the credit given to the Kentucky license, and to which appellant responded that he exhibited the license only to show his qualifications and as evidence of his good moral character; that he did not mention the Kentucky disbarment because not asked about it, and that good moral character was the only requirement in Indiana for admission to the bar; that in June, 1921, he appeared in the Court of Appeals of Kentucky, and was permitted to argue a case after its attention had been called to the disbarment proceedings, and it was then learned that his name had not been stricken from the roster of attorneys of that court.

Upon the filing of the foregoing information, the

court ordered the clerk to give notice thereof to appellant. Pursuant to the notice, appellant, by his attorneys, appeared specially and filed a plea in abatement, wherein, in substance, it was asserted that the court had no power or jurisdiction to vacate or change its order, in effect, a judgment, admitting appellant as a member of the bar and to practice law, entered in an *ex parte* proceeding at a term since expired. Furthermore, Wheeler and Spencer have no standing in court as plaintiffs to ask that the judgment be set aside and vacated, either by a direct attack, as here, or otherwise, because they were not parties to the proceeding in which the judgment was rendered.

It is insisted that, under the circumstances here shown the court had no power or jurisdiction to vacate the judgment of admission which was had in an *ex parte* proceeding. This case is before us upon the pleaded facts alone. It is true this is not a proceeding to remove or suspend appellant as an attorney under §1047 Burns 1926 for cause occurring since the order of admission. The evident purpose of Wheeler and Spencer, representing the Evansville Bar Association, was to inform the court of the circumstances existing at the time and the manner through which appellant secured his admission as a member of the Vanderburgh County Bar. Hence, it cannot be said that the instant proceeding was essentially adversary in the sense that Wheeler and Spencer may be regarded as adverse parties.

The Vanderburgh Circuit Court is a court of record and of general jurisdiction, with power to admit or refuse to admit applicants applying to it for admission to practice law in this state. An attorney is an officer of the court and charged with the duty of aiding the court in the due administration of justice. *Dodge* v. *State* (1895), 140 Ind. 284, 287,

39 N. E. 745. The Constitution of Indiana makes good moral character an essential qualification for admission to practice law in this state. Art. 7, §21, Constitution of Indiana. From appellant's statement to the Grievance Committee, and from his plea in abatement, it would seem that, at the time of his admission and since that time, he was and is under the impression that on a mere showing of good moral character any voter of this state is entitled to be admitted to practice law as a constitutional right, but this impression is not entirely correct, for, notwithstanding this constitutional provision, courts may make reasonable rules and regulations for the admission of such applicants. *In re Leach* (1893), 134 Ind. 665, 34 N. E. 641, 21 L. R. A. 701; *In re Holt* (1915), 183 Ind. 248, 108 N. E. 860. It, therefore, follows that the practice of law in this state is not an unqualified constitutional or natural right. It should be termed a privilege which, when once lawfully acquired, continues during good behavior.

We have no statute, nor, so far as we are informed, did the Vanderburgh Circuit Court have a rule, requiring an applicant for admission to the bar to file his application with the court or give notice of such filing prior to the time it might be acted upon. For aught appearing in this case, the court may have referred appellant's application to the committee on admissions and a favorable report had within a few minutes. We can readily understand the favorable influence on the committee or the court the presentation of the Kentucky license would have as evidence of the applicant's learning in the law and moral qualifications for admission. The effective fact of such license and the withholding of the fact of its annulment under the circumstances pointed out in the information are so closely allied that good faith on the part of the applicant would seem to have required of him some ex-

planation of the annulment proceedings as bearing upon his then standing at the bar of Kentucky. The mere fact that he was not asked by the committee or the court as to his disbarment at the time of making the order of admission will not furnish a shield against the court's inquiry concerning the manner of procuring the order, even though such inquiry be had at a subsequent term of the court. The authority for such inquiry rests entirely upon the theory of the court's inherent common-law power in a direct proceeding to vacate a judgment by it entered where fraud was practiced in the very act of obtaining it. 34 C. J. 267, §490; *Lee* v. *Back* (1868), 30 Ind. 148, 153; *Adams School Township* v. *Irwin* (1898), 150 Ind. 12, 49 N. E. 806.

The use of the Kentucky license before the committee had the practical effect of a representation that appellant was then a member of the bar of Kentucky in good standing, when in truth he was not, and the withholding of any explanation concerning his disbarment in Kentucky, coupled with his affirmative acts, has been held sufficient in many jurisdictions to show inexcusable deception practiced upon the court, and a sufficient cause for revoking the order admitting him. *In re Olmstead* (1903), 11 N. D. 306, 91 N. W. 943; *Dean* v. *Stone* (1894), 2 Okla. 13, 35 Pac. 578; *In re Mosher* (1909), 24 Okla. 61, 102 Pac. 705, 24 L. R. A. (N. S.) 530, 20 Ann. Cas. 209; *In re Rule on Brown* (1860), 2 Pittsb. R. (Pa.) 152; *People* v. *Hahn* (1902), 197 Ill. 137, 64 N. E. 342; *In re Bradley* (1908), 14 Idaho 784, 96 Pac. 208; *Law Examiners* v. *Williams* (1905), 116 Tenn. 51, 92 S. W. 521; *Matter of Pritchett* (1907), 122 App. Div. (N. Y.) 8, 106 N. Y. Supp. 847; *Propper* v. *Owens* (1911), 136 Ga. 787, 72 S. E. 242.

Judgment affirmed.