## STATE BAR *v.* RICCARDI.

No. 2897

January 3, 1931.                     294 P. 537.

*Harlan L. Heward* and *John S. Belford,* for Petitioner.

## OPINION

By the Court, BALLARD, District Judge:

This is a proceeding brought by the state bar of Nevada through its board of governors by petition seeking a revocation of the license previously granted by this court to Constantino V. Riccardi, the respondent, authorizing him to practice law in this state. Such revocation is asked on the grounds that in the proceedings by respondent to procure said license he had knowingly and designedly suppressed and concealed the facts of his alleged previous disbarment in the State of California, and the fact and particulars of his alleged unsuccessful attempts to procure his reinstatement therein.

It appears from the allegations of the petition that

the respondent was admitted to practice in this state on December 8, 1928, upon the recommendation of the board of examiners of the state bar and upon his affidavit and credentials showing him to be a member of the bar of the State of Missouri and of good moral standing as such therein, and that he last practiced in said state.

■ The proceeding is before us on a demurrer and motion to strike interposed to the petition. The motion to strike is directed to those portions of the petition wherein are set up facts tending to establish the course, regularity, and results of the proceedings had before the state bar leading up to its authorization of and participation in this proceeding. We think that a presumption of regularity attaches and is sufficient against an anticipatory attack, and that therefore the motion to strike should be and is sustained in this respect

■ The demurrer presents the objection that the petitioner has not capacity to sue. The state bar act expressly provides that the corporation created by it "may sue and be sued." Stats. 1928 (Sp. Sess.) c. 13, p. 13, sec. 2. As the respondent has not chosen to appear in person or by attorney and has filed no brief in support of either his motion or demurrer, we are not disposed to look beyond the statute as to this point. We therefore hold that the petitioner has capacity to sue.

■ The demurrer also raises the question of the sufficiency of the facts alleged in the petition to warrant the court in granting the relief sought. Subsection 7 of rule 1 of this court provides that the applicant for admission shall make and file an affidavit with the clerk of the supreme court and with the secretary of the state bar, stating, among other things:

" * * * Whether any disbarment or other proceedings of a like nature have ever been instituted against him, or whether by resignation, withdrawal, or otherwise, applicant has terminated or attempted to terminate his office as an attorney, and in either or any of the cases above referred to, giving full particulars. * * * "

The affidavit filed by respondent contained no reference one way or the other to the subject of disbarment. A great many cases might be cited wherein such deceit as is alleged in this petition has resulted in the revocation of the license by the courts, both under statutory authority: In Re Pritchett, 122 App. Div. 8, 106 N. Y. S. 847; In Re Price, 226 App. Div. 460, 235 N. Y. S. 601; In Re Marx, 115 App. Div. 448, 101 N. Y. S. 680; and in the absence of a statute: In Re Mosher, 24 Okl. 61, 102 P. 705, 24 L. R. A. (N. S.) 530, 20 Ann. Cas. 209; Dean v. Stone, 2 Okl. 13, 35 P. 578; In Re Wells, 174 Cal. 467, 163 P. 657; In Re Olmstead, 11 N. D. 306, 91 N. W. 943; Propper v. Owens, 136 Ga. 787, 72 S. E. 242.

The demurrer is therefore overruled. Respondent may have thirty days in which to answer.

NOTE—SANDERS, J., being unable to participate in this decision, the Governor designated Hon. G. A. BALLARD, District Judge, to sit in his place.

## ON THE MERITS

March 25, 1931.                                    296 P. 1013.

*Harlan L. Heward* and *John S. Belford*, for Petitioner.

## OPINION

By the Court, COLEMAN, C. J.:

This is an original proceeding to revoke the license heretofore granted to Constantino V. Riccardi to practice law in this state. Upon the filing of the petition an order was entered directing the issuance of citation to the respondent directing him to show cause why his

license to practice law should not be revoked, and for service thereof at San Francisco, California. Service of such citation having been made, the respondent, in due time, appeared by counsel and interposed a motion to strike and a demurrer to the petition, which were disposed of by this court in an opinion heretofore filed, wherein the motion to strike was sustained, the demurrer overruled, and thirty days allowed the respondent in which to answer. 53 Nev. 128, 294 P. 537.

The respondent having failed to answer the petition within the time allowed, or at all, the petitioner, by its attorneys, moved the court to enter the default of the respondent, and for judgment on the pleadings as prayed in the petition.

Upon the hearing of the motions mentioned, the petitioner offered in evidence the written application of the respondent for admission to the bar of this state, and the opinions of the court in the following matters, namely: In Re Riccardi, 182 Cal. 675, 189 P. 694; People v. Riccardi, 50 Cal. App. 427, 195 P. 448; In Re Riccardi, 64 Cal. App. 791, 222 P. 625; and In Re Riccardi, 80 Cal. App. 66, 251 P. 650.

Without considering the evidence offered, the petition stating good grounds for the revocation of the license granted to the respondent, and there being no denial thereof, it follows that the prayer of the petition should be granted.

It is ordered that the license heretofore issued to the respondent be, and the same is hereby, revoked.

DUCKER, J.: I concur.

SANDERS, J., not participating.