IN RE MCNAMES.
[No. 26,413. Filed March 28, 1936.]

*Oscar Jay* and *D. Russell Bontrager*, for appellant.

*C. C. Raymer, Thomas A. Davis* and *Ira H. Church*, for appellee.

TREANOR, J.—This is an appeal from an order and judgment made *nunc pro tunc* setting aside and vacating an entry and judgment admitting appellant to practice law. The judgment appealed from was rendered upon motion of a committee of the Elkhart County Bar Association. Appellant filed a motion to quash and dismiss the committee's motion and the court overruled appellant's motion. Evidence was submitted and on October 27, 1933, the court entered a *nunc pro tunc* order and judgment, as of May 15, 1931, vacating and setting aside an order made on May 11, 1931, which admitted appellant to practice law. Appellant's motion for a new trial was overruled. An examination of the errors assigned by appellant and of the substance of his Propositions, Points and Authorities discloses that his entire contention rests upon two propositions: First, that the committee of the Elkhart County Bar Association was not a proper party to maintain this proceeding in the court below; and second, that although the pleading below was denominated a motion for a *nunc pro tunc* order, it was in fact a complaint which sought a review of a former judgment for the purpose of vacating and setting it aside.

As to appellant's first proposition we hold that ■ the bar committee was a proper party to institute the proceeding. *In re McDonald* (1928), 200 Ind. 424, 164 N. E. 261.

Appellant's second proposition requires an examination of all of the proceedings which were had in connection with the application of appellant for admission to the practice of law in Elkhart Circuit Court. The following facts are uncontroverted and appear in the record which is before this Court:

On January 12, 1931, appellant filed in the Elkhart Circuit Court his petition to be admitted to practice law in the courts of this state; the judge of the court referred the petition to the bar association committee for investigation and report. On May 11, 1931, and before the committee had made a report or had been discharged, the judge of the court made the following entry upon the bench docket of the court:

"May 11, 1931, Applicant admitted and sworn."

Before May 15, 1931, and during the same term of court, the judge of the court drew a line with pen and ink through the above-quoted entry and instructed the clerk of the court not to write up any judgment upon that entry. On May 15, 1931, the judge made the following entry upon the bench docket of the court:

"In the matter of the petition of John Lawrence McNames, the membership committee of the Elkhart County Bar Association files report recommending that the applicant be not admitted, and that his petition be denied. Submitted to the Court. Petition denied."

The order and judgment of the court corresponding to the foregoing bench docket entry was entered in the order book of the court and reads as follows:

"Comes now the membership committee of the Elkhart County Bar Association, and files its report herein recommending that the said John Lawrence

McNames be not admitted to the Bar in this County, and that his petition be denied, said report being set out as follows, to-wit: (here insert). Said report being submitted to the Court, and the Court having examined same, and being well and sufficiently advised now finds that said petition should be denied. It is therefore ordered and adjudged by the Court that said petition of John Lawrence McNames for admission to the Elkhart County Bar be and is hereby denied."

The clerk made no entry in the order book of any order of the court giving effect, or referring, to the court's action in drawing a line through the bench docket entry of May 11, 1931. Consequently, after the action of the court on May 15th and after the entries were made in conformity thereto, the bench docket and order book entries were as follows:

| BENCH DOCKET | ORDER BOOK |
|---|---|
| ~~May 11, 1931. Applicant admitted and sworn.~~<br><br>May 15, 1931. In the matter of the petition of John Lawrence McNames, the Membership Committee of the Elkhart County Bar Association files report recommending that the applicant be not admitted, and that his petition be denied. Submitted to the Court. Petition denied. | (No order corresponding to bench docket entry of May 11, 1931.)<br><br>May 15, 1931. Comes now the membership committee of the Elkhart County Bar Association, and files its report herein recommending that the said John Lawrence McNames be not admitted to the Bar in this County, and that his petition be denied, said report being set out as follows, to-wit: (here insert). Said report being submitted to the Court, and the Court having examined same, and being well and sufficiently advised now finds that said petition should be denied. It is therefore ordered and adjudged by the Court that said petition of John Lawrence McNames for admission to the Elkhart County Bar be and is hereby denied. |

In December, 1931, Mr. McNames filed his petition in the Elkhart Circuit Court in which he asked for a *nunc pro tunc* order to correct the order book record of that court by inserting therein an order, as of May 11, 1931, admitting the petitioner to practice law, said order to be based upon and to correspond to the bench docket entry of May 11, 1931. And on November 1, 1932, judgment was rendered in favor of petitioner and the following entry, in conformity thereto, appears in the order book:

Nov. 1, 1932. It is therefore considered, ordered and adjudged by the Court that the following entry be now made by the Clerk of this Court as of the 11th day of May, 1931, to-wit:

Comes now John Lawrence McNames, and the Court orders that he be admitted as an attorney of this court, to practice law therein, upon his taking the usual oath of an attorney.

And now comes said John Lawrence McNames and takes the following oath in open Court to-wit:

"You do solemnly swear that you will support the Constitution of the United States and of the State of Indiana, and that you will faithfully and honestly discharge the duties of an attorney at law."

In 1933 a committee of the Elkhart County Bar Association filed a motion for a *nunc pro tunc* order to correct the order book record of the Elkhart Circuit Court by inserting therein an order as of May 15, 1931, annulling and setting aside the court order of May 11, 1931, which had admitted appellant to practice and which corresponded to the bench docket entry of May 11, 1931.

Appellant contends that no order was ever made annulling and setting aside the court's order of May 11, 1931, admitting appellant to practice and that consequently the court can not, by a *nunc pro tunc* proceeding, correct the court record by entering therein an order which was never made.

It is true, of course, that the order book contained no formal written recital of a court order of May 15, 1931, which vacated and set aside the order of admission of May 11th. The first question, then, is whether there is sufficient competent evidence in the record to justify a finding that the Elkhart Circuit Court did make an order vacating and setting aside the order and judgment of May 11th. It is the law in Indiana ". . . that where the record fails to show that a judgment was rendered, order made, or that action was taken, the fact that such action was taken can only be established *nunc pro tunc* after the term by evidence consisting of some written memorial or record, but that when the fact that a judgment was rendered, or some other action taken, is so established, parol proof may be resorted to for the purpose of showing the character, terms, and conditions of the action taken." *Illinois Pipe Line Co.* v. *Fitzpatrick* (1934), 207 Ind. 1, 5, 188 N. E. 771. And in supplementing the foregoing statement this court also said: "The evidence, of whatever character, should be clear and convincing, but when it is within the above rule, and satisfactory to the trial court, the amendment may be made, and the action of the court in so doing will not be disturbed on appeal." *Illinois Pipe Line Co.* v. *Fitzpatrick, supra.*

In the instant case we have as written memorials the bench docket entry of May 11th, the line drawn through this entry, the bench docket entry of May 15th, all admittedly made by the court within the same term (Nov. T.) and the order book entry of an

order and judgment based upon and corresponding to the bench docket entry of May 15th. We also have the testimony of the Hon. Lloyd L. Burris that he, as Judge and while acting as Judge, drew the line through the entry of May 11th for the purpose of expunging "that order from the minutes of the court"; and that he "made inquiry as to whether the entry had been transcribed upon the order book" and when he learned that it had not he "directed the clerk not to enter it in the order book." The generally recognized purpose and effect of drawing a line through an entry, or any writing, is to destroy its significance. It is equivalent to an express statement that the entry or writing is to be disregarded. The entry of May 11th had been physically stricken from the bench docket and this was evidence that the court had taken appropriate steps to set aside whatever previous action had required the making of the entry of May 11th. This was corroborated by the bench docket entry of May 15th and the order book entry based thereon as well as by parol evidence of the ex-judge, who as judge of the court had made the entries or caused them to be made.

The order and judgment of May 15th are squarely in conflict with the order and judgment of May 11th. The evidence discloses that a bar committee had been appointed by the court to investigate the fitness of the applicant to practice law. The committee had not reported on May 11th, but did report on or before May 15th. The order and judgment denying admission of applicant were based upon this report. The trial judge in the instant *nunc pro tunc* hearing must have been impressed by the strong probability that the court had vacated the order and judgment of May 11th in order to consider the report of the bar committee and to have the benefit of the investigation made by the committee.

We believe the evidence of the written record and the

corroborating parol evidence were sufficient to sustain the decision of the court that the Elkhart Circuit Court "did on the 15th day of May, 1931, set aside and vacate an entry and judgment of this Court (Elkhart Circuit Court) made and entered on the 11th day of May, 1931, purporting to admit the said John Lawrence McNames to practice law in this court and showing that he was duly sworn in as an attorney as by law required."

We conclude that the decision of the trial court was sustained by sufficient evidence and was not contrary to law; and that the judgment of the trial court conforms to the strict requirements for a judgment for a *nunc pro tunc* entry.

Judgment affirmed.